UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
155 Polifly Road
Hackensack, New Jersey 07601
(201) 343-5001 (Tel)
(201) 343-5181 (Fax)
David Edelberg, Esq.
*Proposed Attorneys for the Debtor/Debtor-In-Possession*

| | |
|---|---|
| In Re: | Chapter 11 |
| Five Star Foods, Inc. | Case No. 11-17073 |
| Debtor. | Judge: Honorable Morris Stern |
| | Oral Argument Requested |

### APPLICATION FOR AN ORDER APPROVING USE OF CASH COLLATERAL

TO:  THE HONORABLE
     UNITED STATES BANKRUPTCY JUDGE

FIVE STAR FOODS, INC., the Debtor in the above captioned matter (the "Debtor"), through its proposed attorneys, Nowell Amoroso Klein Bierman, P.A., respectfully represents:

1. The Debtor submits this application seeking the entry of an order authorizing its use of cash collateral pursuant to Section 363(c)(2)(B) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

2. As will be demonstrated herein, the Debtor's accounts, inventory, a large refrigeration unit and all other assets are subject to liens held by Valley National Bank

1

3.  In order to remain in business, the Debtor requires the use of its cash collateral to meet payroll, insurance, and other essential operating expenses.

4.  The Debtor can adequately protect VNB's interest in the cash collateral by maintaining the going concern value of the Debtor's business, maintaining the value of the Debtor's accounts, inventory and other assets.

5.  Consequently, the Debtor respectfully requests the entry of an Order authorizing its use of cash collateral.

## **INTRODUCTION**

6.  The Debtor is a corporation formed pursuant to the laws of the State of New Jersey.

7.  The Debtor is engaged in business as a wholesale food distributor.

8.  The Debtor maintains its principal place of business at 275 Veterans Boulevard, Rutherford, New Jersey 07070.

9.  The Debtor is a family business, started approximately 60 years ago, and currently being operated by Rudy A. Volpe and Rudy S. Volpe, father and son, respectively.

10. The Debtor's annual sales have typically exceeded fifteen million dollars during the past few years.

11. The Debtor employs approximately twenty individuals.

12. The Debtor filed a Voluntary Petition pursuant to Chapter 11 of the United States Bankruptcy Code on March 10, 2011.

13. Subsequently, the Debtor has remained in possession of its assets pursuant to

Sections 1107 and 1108 of the Bankruptcy Code.

## EVENTS PRECIPITATING THE DEBTOR'S CHAPTER 11 FILING

14. The Debtor's Chapter 11 filing was precipitated by its expansion and move to new premises in 2008, combined with deteriorating economic conditions. As a result, the Debtor has experienced significant pressure on its cash flow.

15. Consequently, the Debtor was unable to meet its rent obligations and a judgment of possession was apparently entered against the Debtor with respect to its business premises.

## THE DEBTOR'S ASSETS AND LIABILITIES

16. The Debtor's primary assets consist of accounts having a value of approximately 1.1 million dollars; inventory having a value of approximately $350,000.00, and a large refrigeration unit having an estimated value of approximately $200,000.00.

## THE DEBTOR'S SECURED CREDITOR

17. VNB is the Debtor's primary, secured creditor, having a balance due of approximately $750,000.00.

18. VNB's annexed loan documents demonstrate a *prima facie* valid and perfected security interest upon Debtor's accounts, inventory, a large refrigeration unit and all other assets.

19. Annexed hereto as Exhibit "A" is a Commercial Term Note, dated January 29, 2010, reflecting a loan in the amount of $300,000.00. Such Note provides for 59 monthly payments of $5,000.00.

20. In addition, annexed hereto as Exhibit "B" is a demand note, dated January 29,

2010, in the amount of $500,000.00. Such note provides for monthly interest payments at the prime rate plus 1, subject to a minimum interest rate of 5.5%.

21. Moreover, annexed hereto as Exhibit "C" is a Loan and Security Agreement which provides for a revolving loan up to $500,000.00, payable on demand, subject to a maximum amount of 70% of Debtor's eligible account (defined as all accounts which are under 30 days).

22. Article 1A of the Loan and Security Agreement references the $300,000.00 term note. In addition, Article 3 of the Loan and Security Agreement defines "Debt" as the $300,000.00 term note and the $500,000.00 revolving loan.

23. Article 4 of the Loan and Security Agreement grants VNB a lien upon all of the Debtors assets for purposes of securing the $300,000.00 term loan and $500,000.00 revolving loan.

24. Annexed hereto as Exhibit "D" is a uniform commercial code search recently acquired by Debtor. As reflected on the annexed search, VNB perfected its lien on all of the Debtor's assets by filing a financing statement with the Secretary of State of the State of New Jersey on February 2, 2010.

25. Consequently, the attached exhibits reflect VNB's *prima facie* valid liens upon all of Debtor's assets.

26. Debtor has remained current upon its payment obligations to VNB, and proposes to continue in such fashion.

### VNB'S INTEREST CAN BE ADEQUATELY PROTECTED

27. Debtor can protect VNB's interest in the cash collateral by: (i) maintaining insurance upon its assets; (ii) maintaining the going concern value of Debtor's business,

and; (iii) maintaining or increasing the value of the collateral.

28. In addition, Debtor proposes to grant Bayonne Bank a replacement lien upon all of Debtor's assets and a priority claim pursuant to Section 507(b) of the Bankruptcy Code.

29. As previously noted, the value of the Debtor's accounts receivable and bank accounts is approximately double the amount owed to VNB. Thus, VNB's interests are protected by a significant equity cushion.

30. Accordingly, the Debtor respectfully requests the entry of an Order pursuant to Section 363(c)(2)(B) of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure authorizing Debtor to utilize its cash collateral.

WHEREFORE, the Debtor respectfully requests the entry of the Order submitted simultaneously herewith.

**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
*Proposed Attorneys for the*
*Debtor/Debtor-In-Possession*

Dated: March    , 2011        By:_____/s/ DavidEdelberg_____
                                   David Edelberg

G:\wp\WPDATA\CLIENT FILES\F Files\Five Star\Pleadings\cash collat applic.doc